UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.<u>10-20878-CR-KING</u>

UNITED STATES OF AMERICA

vs.

RENZO GADOLA,

          Defendant.
_____/

## PLEA AGREEMENT

The United States of America and **RENZO GADOLA** (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the one count Information which charges a conspiracy to defraud the United States, in violation of Title 18, United States Code, Section 371. The defendant understands the maximum statutory sentence under Title 18, United States Code, Section 371 is a period of up to five years in prison, to be followed by a maximum term of up to three years supervised release and a fine of up to $250,000. The defendant further understands and acknowledges that, in addition to any sentence imposed, he will pay a Special Assessment in the amount of $100.00. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

2. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by

the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. Although not binding on the probation office or the court, the United States and the defendant agree that, except as otherwise expressly contemplated in this Plea Agreement, they will jointly recommend that the court neither depart upward nor depart downward under the Sentencing Guidelines when determining the advisory sentencing guideline range in this case. Both parties are allowed to argue for a variance to the sentence pursuant to the factors in Title 18, United States Code, Section 3553(a).

4. The United States reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations

2

contained in this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

5. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

6. The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court

3

to allocate their resources efficiently. The United States further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the court. The United States, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The defendant agrees that he shall cooperate fully with the United States by:

   (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by the United States, whether in interviews, before a grand jury, or at any trial or other court as needed;

   (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by the United States; and

   (c) it is further understood that the defendant must at all times give complete, truthful and accurate information and testimony. Should it be judged by the United States that the defendant has intentionally given false, misleading or incomplete information or testimony or has otherwise violated any provisions of this agreement, this agreement may be deemed null and void by the United States and the defendant shall thereafter be subject to prosecution for any federal criminal violation of which the United States has knowledge including but not limited to perjury and obstruction of justice. Any such prosecution may be premised upon any information provided by

4

the defendant during the course of his cooperation and such information may be used against him. Also the defendant's previously entered plea will stand.

8. The United States reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the court at the time of sentencing. If in the sole and un-reviewable judgment of the United States the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the court's downward departure from *the advisory sentence* calculated under the Sentencing Guidelines, the United States may at or before sentencing make a motion consistent with the intent of Section 5K1.1 of the Sentencing Guidelines prior to sentencing, or Rule 35 of the Federal Rules of Criminal Procedure subsequent to sentencing, reflecting that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced from the advisory sentence suggested by the Sentencing Guidelines. The defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require the United States to file any such motion(s) and that the government's assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding insofar as the appropriateness of the government's filing of any such motion is concerned.

9. The defendant understands and acknowledges that the Court is under no obligation to grant the motion(s) referred to in paragraphs 8 of this agreement should the government exercise its discretion to file any such motion. The defendant also understands and acknowledges that the court is under no obligation to reduce the defendant's sentence because of the defendant's cooperation.

10. The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

    a. Adjusted Offense Level: 12 (U.S.S.G §§ 2T1.1(b))(2), 2T1.9)

    b. Abuse of Position of Trust or Use of Special Skill: 2 (U.S.S.G. §3B1.3)

    c. Total Offense Level: 14

11. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

12. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 12/22/10

By: _____
KEVIN DOWNING
SENIOR LITIGATION COUNSEL
MARK F. DALY
MICHELLE M. PETERSEN
TRIAL ATTORNEYS
UNITED STATES DEPARTMENT OF JUSTICE
TAX DIVISION

Date: 12/22/10

By: _____
JEFFREY A. NEIMAN
ASSISTANT UNITED STATES ATTORNEY

Date: 12-22-10

By: _____
PETER RABEN
ATTORNEY FOR DEFENDANT

Date: 12-22-10

By: _____
RENZO GADOLA
DEFENDANT

7