UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20878-CR-King/Garber

UNITED STATES OF AMERICA,

v.

RENZO GADOLA,

    Defendant.
_____/

### REPORT AND RECOMMENDATION ON CHANGE OF PLEA

    THIS CAUSE was before the Court by Order of Reference from United States District Judge James Lawrence King and the consent of the parties for the acceptance by a United States Magistrate Judge of a guilty plea by the defendant in this cause. Pursuant to such reference, the Court has conducted a change of plea hearing on December 22, 2010 which was attended by the defendant Renzo Gadola, his attorney Peter Raben, Esquire, and Assistant United States Attorney Jeffrey A. Neiman. The Court hereby advises as follows:

    1. At the commencement of the change of plea proceedings, the Court advised the defendant that he had a right to have these proceedings conducted by the United States District Judge assigned to this case. The defendant was advised that a Magistrate Judge was conducting these proceedings by Order of Reference from the District Judge, based upon the consent of the defendant, his attorney, and the Assistant United States Attorney to whom this cause is assigned, as evidenced by the filing of a Waiver executed by the defendant, his counsel, and government counsel. The Court advised the defendant that the sentence would be imposed by the District Judge, who would make all findings and

rulings regarding such sentence and would conduct a sentencing hearing at a time scheduled by the District Judge as set forth below.

2. The defendant was advised that he did not have to permit the undersigned United States Magistrate Judge to conduct the change of plea hearing and could request that it be conducted only by a United States District Judge.  All parties and counsel agreed and consented to these proceedings being conducted by the undersigned.

3. The Court then conducted a plea colloquy with the defendant consistent with the outline set forth in the Bench Book for District Judges and in conformity with the requirements of Rule 11 of the Federal Rules of Criminal Procedure.

4. The Court advised the defendant of the maximum sentence possibility as to the charge set forth in the one Count Information to which he was tendering a guilty plea, as well as the possible fine and term of supervised release. The Court also advised the defendant of the mandatory special assessment of $100.00 which must be paid at the time of sentencing. The defendant was advised that the charge to which he was pleading guilty carried a maximum term of imprisonment of up to five (5) years, a fine of up to $250,000.00, and a term of supervised release of up to three (3) years.

5. The defendant acknowledged that he was satisfied with the services of his attorney and that he had  full opportunity to discuss all facets of his case with his attorney, which he acknowledged that he understood.

6. The defendant pled guilty to the charge set forth in the Information charging that, "From on or about March 2000, the exact date being unknown to the Government, to on or about November 8, 2010, in Miami-Dade County in the Southern District of Florida and elsewhere, defendant RENZO GADOLA, "SWISS BANKER," an individual known to the Government, and "U.S. CLIENT," an

individual known to the government, did unlawfully, voluntarily, intentionally and knowingly conspire, combine, confederate, and agree together and with each other and with others both known and unknown to the Government to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment, and collection of revenue, to wit, federal income taxes." The Information sets forth the background upon which the charge is based, the Parties, Persons and Entities, the Manner and Means Used to Carry Out the Conspiracy, and overt acts committed in furtherance of the conspiracy. The Information is based upon a claim of violation of Title 18, United States Code, Section 371.

7. The government filed a factual basis, made part of the record and executed by the government, the defendant and her counsel, for the guilty plea which consisted of all of the essential elements of the offense to which the defendant is pleading guilty.

8. The defendant was referred to the United States Probation Office for the preparation of a Pre-sentence Report. The defendant, was upon recommendation of the government, continued at liberty on the bond previously imposed and all conditions set by the Court.

**Sentencing is scheduled for Thursday, March 10, 2011, at 10:00 A.M. before U.S. District Judge James Lawrence King, in Courtroom II in the James Lawrence King Federal Justice Building**.

Accordingly, and based upon the foregoing and the plea colloquy conducted in this cause, the undersigned hereby

RECOMMENDS that the defendant be found to have freely and voluntarily entered his guilty plea as to the charge set forth in the Information, that his guilty plea be accepted, that he be

adjudicated guilty of such offense, and that a sentencing hearing as scheduled above be conducted for a final disposition of this cause.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge James Lawrence King. See 28 U.S.C. §636. Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 23RD day of December, 2010.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE